T.C. Summary Opinion 2005-153

UNITED STATES TAX COURT

BENSON B. BERRY AND MELISSA WELLS-BERRY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21475-03S.              Filed October 17, 2005.

Benson B. Berry, pro se.

<u>Amy Dyar Seals</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $2,992 for the taxable year 2001.

After concessions,[1] the issues for decision are: (1) Whether petitioners are entitled to claim a dependency exemption deduction for petitioner Benson B. Berry's son, BB, from a previous marriage; and (2) whether petitioners are entitled to a child tax credit for taxable year 2001 with respect to BB.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Rock Hill, South Carolina, on the date the petition was filed in this case. Benson B. Berry (petitioner) appeared before the Court and presented petitioners' case. Petitioner wife, Melissa Wells-Berry, did not appear.

On July 3, 1975, petitioner and Ernestine Berry (Ernestine) were married. During the marriage, petitioner and Ernestine had four children; only one child of the marriage, BB, is at issue in the case at bar.

---

[1]Petitioners claimed exemptions for BB and WW (the Court uses only the minor children's initials) on their 2001 Federal income tax return, both of which were disallowed in the notice of deficiency. At trial, respondent conceded that petitioners were allowed to claim the dependency exemption deduction with respect to WW, and that they were entitled to the child tax credit for taxable year 2001 with respect to WW. As a result of respondent's concessions, the deficiency for taxable year 2001 now in controversy is $1,398.

Petitioner and Ernestine were divorced on May 29, 1991, by a Final Divorce Decree entered by the Family Court of the Third Judicial Circuit of Sumter County, South Carolina. The divorce decree states, in pertinent part:

> Before proceeding, Counsel advised the Court that the parties had entered into an agreement which resolved all of the issues before the Court except the issue of divorce and the issue of attorneys fees. The agreement was recited as follows:
>
> 1. Mrs. Berry would retain the sole care, custody and control of the parties' four children. Mr. Berry would have reasonable and liberal visitation with them, including one week at the beginning and end of each Summer, provided such was acceptable to the children.
>
> 2. Mr. Berry would pay child support in the amount of $625.00 per month to Mrs. Berry, by direct military allotment, beginning June 1, 1991, and monthly thereafter.

On or about October 15, 1995, the Family Court of the Third Judicial Circuit of Sumter County, South Carolina, entered a Qualified Domestic Relations Order (QDRO) with respect to petitioner and Ernestine's divorce. The QDRO states, in pertinent part:

> This matter was before the Court pursuant to a complaint filed by the Plaintiff requesting a reduction in child support. The Defendant [Ernestine] filed an answer seeking an increase in child support, alimony, interest in the Plaintiff's [petitioner's] military retirement and attorney's fees. * * *
>
> Based upon the testimony presented, the Court makes the following findings of fact:
>
> ### CHILD SUPPORT
>
> The Court finds that the Plaintiff [petitioner] is entitled to reduction in his child support payments. There

are two minor children remaining in the home.  The parties also have an 18 year old daughter who is now pregnant and she has completed high school.  The Court finds that the 18 year old is emancipated and should not be considered for purposes of determining child support.  The Plaintiff [petitioner] has a gross monthly income of $3,000 per month.  The Defendant [Ernestine] earns $528.00 per month from a part-time job at Target.  She recently became employed at Harris Teeter and works approximately 35 hours per week at the rate of $7.50 per hour.  The Defendant's [Ernestine's] gross monthly income is $1,665.50.  The parties have a combined gross monthly income of $4,664.50.  According to the South Carolina Child Support Guidelines, the monthly child support obligation for two children when the parties have a combined gross monthly income of $4,665.50, is $882.00 per month.  The Plaintiff [petitioner] will be given credit for $35.00 per month he pays for health insurance on the minor children.  The total monthly combined child support obligation is $917.00 per month.  The Plaintiff's [petitioner's] proportional share of the combined monthly child support obligation is 64% or $586.80 less $35.00 for health insurance for a total of $551.88 per month.  The reduction in child support will begin on October 1, 1996, and continue each month thereafter until further order of the Court.

The QDRO did not modify the custody provision of the Final Divorce Decree.

During taxable year 2001, petitioner was retired from military service and was employed as a store manager for Bi-Lo. Petitioner paid child support to Ernestine in the amount of $497 per month during taxable year 2001.  Petitioner also paid for health insurance for BB during taxable year 2001.

Ernestine was employed full-time by Harris Teeter as a cashier during tax year 2001.  She reported on her 2001 Federal income tax return gross income of $12,411.  According to the

final divorce decree, Ernestine had both physical and legal custody of BB during taxable year 2001.

On or about February 19, 2002, petitioners filed their Form 1040, U.S. Individual Income Tax Return, for the 2001 taxable year. In their return, petitioners claimed BB as their dependent and claimed the resulting dependency exemption deduction, as well as the resulting child tax credit. There was no attachment regarding any waiver or declaration, such as a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, executed by Ernestine stating that she was releasing her claim to the exemption deduction for BB. In fact, Ernestine at no time gave petitioner verbal or written permission to claim BB as his dependent for the taxable year 2001.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue.

Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to either the claimed dependency exemption deduction or the claimed child tax credit. Therefore, petitioner bears the burden of showing that he correctly claimed both the dependency exemption deduction for BB along with the child tax credit with respect to BB.

1. Deduction for Dependency Exemption

A taxpayer may claim a dependency exemption for a child as long as the child meets the statutory definition of "dependent". Secs. 151(c)(1), 152(a)(1). Ordinarily, a taxpayer may claim a child as a dependent for a particular calendar year only if the taxpayer provides over half of the child's support during that calendar year. See sec. 152(a). However, special rules determine which parent may claim a minor child as a dependent where the parents are divorced or separated. See sec. 152(e).

Prior to 1985, the definition of dependent led to substantial controversy in cases involving divorced or separated taxpayers because determining which parent provided over one-half of a child's support presented difficult issues of proof and substantiation. See H. Rept. 98-432 (Part 2), at 1498 (1984). In 1984, Congress amended section 152(e) to simplify the rules for determining which parent properly may claim the dependency

exemption for Federal income tax purposes.  See Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 423(a), 98 Stat. 799.

The pertinent parts of section 152(e) as amended provide:

Sec. 152(e).  Support Test in Case of Child of Divorced Parents, Etc.--

(1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--

(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

(2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

Under section 152(e) as amended, the custodial parent[2] is entitled to claim the dependency exemption with respect to his or her child unless one of three exceptions applies, none of which are at issue in the case at bar. See sec. 152(e); Hughes v. Commissioner, T.C. Memo. 2000-143; Brignac v. Commissioner, T.C. Memo. 1999-387; sec. 1.152-4T(a), Q&A-2, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Custody is determined by the terms of the most recent decree of divorce or subsequent custody decree, and "will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year." Sec. 1.152-4(b), Income Tax Regs.

Petitioner testified at trial that during taxable year 2001, BB resided with him during the entire summer of 2001 and on weekends and holidays during the school year. Petitioner did not present any documentation to substantiate such a claim.

---

[2]In this opinion, we refer to the parent having physical custody for the greater part of the year as the custodial parent and to the parent who is not the custodial parent as the noncustodial parent. See sec. 152(e) (flush language).

Petitioner further testified that he supplied 99 percent of the entire amount of support which BB received during taxable year 2001. Petitioner paid Ernestine $497 per month in child support for BB, during taxable year 2001, and he paid for BB's health insurance. Petitioner also testified that he bought all of BB's clothes and school supplies.

However, Ernestine testified that BB did not reside with petitioner for the entire summer of 2001 and that BB only resided with petitioner, during the year in issue, on occasional weekends and during a week-long vacation over the summer.

Upon the basis of the record and the final divorce decree, we conclude that Ernestine had both legal custody and physical custody, for more than one-half of the calendar year, of BB during taxable year 2001. Therefore, she was the custodial parent in 2001, and petitioner was the noncustodial parent. Thus, the general rule of section 152(e) applies, and Ernestine as the custodial parent is treated as supplying over one-half of BB's support during the taxable year 2001, even if the noncustodial parent actually provided over half of the child's support during the year. Respondent's determination on this issue is sustained.

2. Child Tax Credit

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer. The term "qualifying

child" is defined in section 24(c).  As relevant here, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151.  Sec. 24(c)(1)(A).

We have already held that petitioners are not entitled to the dependency exemption deduction under section 151 for BB. Accordingly, BB is not considered a "qualifying child" within the meaning of section 24(c).  It follows, therefore, that petitioners are not entitled to a child tax credit under section 24(a) with respect to BB.

In view of the foregoing, we sustain respondent's determination on this issue.

Furthermore, we have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.